UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAUREN DIAZ,** *et al.***,**

      **Plaintiffs,**

  v.                              Civil Action 2:22-cv-2100
                                       Judge Michael H. Watson
                                       Magistrate Judge Chelsey M. Vascura

**THE ACADEMY AT GRANDVIEW LLC,**

      **Defendant.**

## PRELIMINARY PRETRIAL ORDER

**Rule 26(a)(1) Initial Disclosures**

The parties have agreed to make initial disclosures by **September 9, 2022**.

**Jurisdiction and Venue**

There are no contested issues related to venue or jurisdiction.

**Amendments to Pleadings and/or Joinder of Parties**

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **August 30, 2022**.

**Motions**

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

Plaintiffs assert claims of retaliation under Title VII and Ohio Revised Code Chapter 4112, as well as wrongful discharge in violation of Ohio public policy.  Defendant denies the allegations.

There is a jury demand.

**Expert Disclosures**

Primary expert reports, if any, must be produced by **June 1, 2023**. Rebuttal expert reports, if any, must be produced by **June 15, 2023**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **August 23, 2023**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI. Each party will take all reasonable steps to preserve all potentially discoverable and relevant information in the party's possession, custody or control. The Parties agree to the following ESI protocol: The parties must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and, a party need not produce the same

electronically stored information in more than one form. The producing party will also provide a general description and maintain a record of the documents that are transmitted. The parties reserve the right to modify and supplement this protocol as discovery progresses.

The parties intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **October 23, 2023**.

**Settlement**

Plaintiffs shall make a settlement demand by **September 13, 2022**. Defendant shall respond by **October 4, 2022**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **January 2023**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE